# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE:<br>Earl Diamond, | |
| | Case No. 19-12694 |
| Debtor, | |
| | Judith E. Levy |
| _____/ | United States District Judge |
| Earl Diamond, | Bankruptcy Case No. 19-31316 |
| | Hon. Joel D. Applebaum |
| Appellant, | |
| v. | |
| Genesee County Land Bank, | |
| Appellee. | |
| _____/ | |

## ORDER DENYING DEBTOR/APPELLANT EARL DIAMOND'S MOTION FOR RECONSIDERATION [30]

On September 13, 2019, Debtor/Appellant Earl Diamond appealed United States Bankruptcy Judge Joel D. Applebaum's order titled "Order Denying Debtor's Motion to Set Aside Order Vacating Interim Order Granting Debtor's Motion to Impose Automatic Stay and Lifting Automatic Stay." (ECF No. 1.) Judge Applebaum's order denied

Appellant's motion for reasons set forth on the record during a September 4, 2019 hearing in bankruptcy court. (*Id.*)

On September 15, 2020, the Court ordered Appellant to provide a supplemented record on appeal by October 19, 2020, because 1) the October 15, 2019 record consisted solely of Appellant's Statement of Issues and did not even include a record of the underlying bankruptcy judge's order being appealed; and 2) neither the existing record, nor the parties' responses or Appellant's subsequent motions,[1] provided any basis for evaluating the appeal. (ECF No. 3.) The Court warned Appellant that failure to "submit a complete record on appeal, including a transcript of the September 4, 2019 hearing before Judge Applebaum . . . will result in a dismissal of this case." (ECF No. 27, PageID.129.)

The docket reflects that Appellant was served with this Order on September 15, 2020. Appellant never provided the record or otherwise

---

[1] "Motion to have Appellee Genesee County Landbank state their legal fees and costs to litigate case," (ECF No. 8), "Motion for appellee to maintain 3115 Dale Ave, Flint MI 48506, have it brought up to code, and not to sell, destroy or dispose of property until final judgment," (ECF No. 12), "Objection to dismiss case and non-hearing motion not to dismiss case," (ECF No. 15), "Motion for Summary Judgment," (ECF No. 18), and "Request for relief." (ECF No. 26.)

2

contacted the Court in any way. Accordingly, on October 29, 2020, the Court dismissed the case. (ECF No. 29.)

On November 23, 2020, Appellant filed an untimely motion for reconsideration, arguing that the Court should reconsider its decision dismissing the case because: 1) the automatic stay provision of the bankruptcy code, 11 U.S.C. § 362, renders the Court's decision "void, mute, and unenforceable"; 2) Appellant did in fact order the bankruptcy record and "requested that [it] be forwarded to the court," but does not know why it did not arrive; and 3) the Court's order "did not state the appellant must file a dual record on appeal."[2] (ECF No. 30, PageID.141.)

To prevail on a motion for reconsideration, the movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled[,] but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). Additionally, untimely motions for reconsideration will be denied. *Zammit v. Internal Rev. Serv.*, No. 16-2703, 2017 WL 6276122, at *2 (6th Cir. June 30, 2017) (quoting

---

[2] Appellant's motion provides additional reasons for the requested reconsideration, but these reasons are duplicative. The Court has consolidated Appellant's arguments.

3

E.D. Mich. L.R. 7.1(h)(1)) (Motions for reconsideration "must be filed within 14 days after entry of the judgment or order.")

Appellant's motion is DENIED both because it is untimely and because it fails to demonstrate a "palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled." E.D. Mich. L.R. 7.1(h)(3).

As to Appellant's arguments, first, the automatic stay provision of the bankruptcy code does not apply to Appellant's own appeals of unfavorable decisions against him, which was the subject of the Court's dismissal Order. 11 U.S.C. § 362(a)(1). That is accordingly not a reason to grant reconsideration. As to the second argument, regardless of whether Appellant did in fact order the bankruptcy record, he neglected to communicate that fact to the Court in the six weeks he was given to respond. The Court did not err in following through on its warning that it would dismiss his case absent a response. Finally, Appellant's claim that the Court "did not state the appellant must file a dual[3] record on

---

[3] Additionally, there is no "dual" record—the problem with Appellant's appeal was that there was no record at all.

4

appeal" is untrue; the Court issued an Order titled "Order for Supplemented Record on Appeal." (ECF No. 27.)

Accordingly, Appellant's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: August 12, 2021　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 12, 2021.

　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　Case Manager